UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GARY LA BARBERA, LAWRENCE KUDLA,
THOMAS GESUALDI, PAUL GATTUS,
CHESTER BROMAN, FRANK FINKEL,
and JOSEPH FERRARA, as Trustees and                    **MEMORANDUM & ORDER**
Fiduciaries of the Local 282 Welfare, Pension,
Annuity, Job Training and Vacation and Sick            Civil Action. No. 05-2678
Trust Funds,

            Plaintiffs,

        -against-

FERRAN ENTERPRISES, INC.,

            Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Friedman & Wolf**
Attorneys for Plaintiffs
1500 Broadway, Suite 2300
New York, New York 10036
By:    William Anspach, Esq.
         Anusha Rasalingam, Esq.

**Schlacter & Associates**
Attorneys for Defendant
450 Seventh Avenue
New York, New York 10123
By:    Jed. R. Schlacter, Esq.

**HURLEY, Senior District Judge:**

       Plaintiffs, the Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds ("Plaintiffs" or the "Funds")) commenced this action to compel Defendant Ferran Enterprises ("Ferran") to produce books and records for audit and, should the audit reveal contributions due and owing, to collect delinquent

contributions. Presently before the Court is Plaintiffs' motion to amend the complaint to add New York Marble and Stone Corp. as a defendant and Ferran's cross-motion for summary judgment. For the reasons set forth below, Plaintiffs' motion is denied and Ferran's motion is granted.

**Background**

The following facts are undisputed unless otherwise noted:

Ferran Enterprises is a party to the 2002-2006 New York City Heavy Construction & Excavation Contract ( the "Contract") with Local 282 of the International Brotherhood of Teamsters ("Local 282"). The contract incorporates by reference a Trust Agreement dated as of July 1, 1999, as amended. Article IX, section 1(d) of the Trust Agreement provides in relevant part:

> The Trustees may at any time audit the pertinent books and records of any Employer in connection with the above. Pertinent books and records of an Employer include the books and records of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either : 1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union agreement, or 2) is part of a group of trades or businesses "under common control," as that term is used in 29 U.S.C. § 1301(b)(1) for withdrawal liability purposes, which includes the Employer. . . .

Restated Agreement and Declaration of Trust (Ex. B to Rasalingam Decl.) at 27-28.[1]

---

[1] Under 29 U.S.C. § 1301(b)(1) and applicable regulations "[a] business is commonly controlled if the same five or fewer persons owning a controlling interest (i.e. 80%) in each business and, considering only the identical ownership in each entity, the relevant persons are also in effective control (50% interest) of each entity." *I.L.G.W.U. Nat'l Retirement Fund v. Vaco Holding Co.*, 950 F. Supp. 598, 602 (E.D.N.Y. 1997).

2

Plaintiffs commenced this action on June 2, 2005 seeking to compel Ferran to produce books and records for an audit as a result of Ferran's alleged refusal to allow an audit for the period January 28, 2003 to March 29, 2004, and in the event the audit is conducted and reveals contributions due and owing, to recover said delinquent contributions. On June 27, 2006, Plaintiffs amended their complaint to seek an audit of Ferran's books and records "to the present."

In late 2006, the Funds changed auditing firms. At that point in time, the only item needed to make the audit current was Ferran's 2005 tax return. As a result of the change in audit firms, the Funds, in early 2007, requested that Ferran produce all of its books and records from 2001 to present for audit by the new audit firm. That audit took place on November 7, 2007 at Ferran's offices.

During his field audit on November 7, 2007, the auditor overheard a telephone answered in the name of another company, "New York Marble and Stone Corp." When the auditor inquired about that company, he was told it was owned by the daughter and son-in law of the owner of Ferran but that it was a separate entity. "Even though Ferran willingly produced the books and records of other affiliated companies during the field audit, Ferran had never before offered any information about New York Marble in connection with the Funds' prior audit attempts." Pls.' Mem. in Supp. at 3 (citing Jones Aff. at 1).

On December 15, 2007, the auditor submitted his report, dated November 12, 2007, to the Funds. The audit report indicates no delinquent contributions for "Ferran."[2] There are two page

---

[2] It should also be noted that at the final pre-trial conference before Magistrate Judge Lindsay, Plaintiffs' counsel admitted that there is no money due from the companies reviewed. *See* Tr. of Final Pre-trial Conference held Feb. 25, 2008 (Ex. 3 to Def.'s Notice of Motion) at 8.

"1 of 10" to the Report which are identical except for the "Comments" section. One "Comments" section states: " Company's books and records indicate no non-union outside truck hires. Company is a member of a controlled group with CFF Associates Inc. and Carerra International Inc., neither of which have payroll. Frank Ferrante is a 49% shareholder and Carmela Ferrant is a 51% shareholder; neither is reported to the Funds. Audit complete through week ending September 24, 2007." The other "Comments" section includes the foregoing but continues: "Company refused to provide books and records of possible non-signatory affiliate "New York Marble & Stone Corp.", which is owned by Frank Ferrante's daughter, Kathy Crecco, and her husband, Luigi Crecco, who is the driver reported to the funds by Ferran Enterprises Inc." Curiously, the affidavit of the auditor is silent on whether he requested the books and records of New York Marble during his field audit on November 7, 2007. *See* Aff. of Ken Jones. Indeed, the first mention of a request that Ferran produce the records of New York Marble is the auditor's request on January 22, 2008. *Id.* at ¶ 10.

Pursuant to the Scheduling Order entered in this case, as amended, (Docket Nos. 12 & 15), motions for joinder of additional parties and for amendment of pleadings were to be completed by July 3, 2007 and discovery was to be concluded by November 26, 2007. Plaintiffs proffers nothing to suggest that the existence of New York Marble as a conceivable affiliate of Ferran could not have been uncovered via the discovery prior to the November 26, 2007 termination date. On February 25, 2008, Magistrate Judge Lindsay denied Plaintiffs' oral motion for discovery.

**Discussion**

**I. Motion to Amend**

It is well- established that "leave to amend shall be freely given," *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997). It is also well-established that in deciding a motion to amend to add a party pursuant to Rule 21 of the Federal Rules of Civil Procedure, "courts must consider judicial economy and their ability to manage each case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact [it] would have on each of the parties already named in the action." *Sly Magazine v. Weider Publications*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007).

Considerations of the latter factors warrant denial of Plaintiffs' motion to amend. The motion is untimely as under the Scheduling Order governing this case motions to amend or add parties were required to be completed by July 3, 2007. Indeed, the motion was not made until after the close of discovery of this case.[3] While Plaintiffs attempt to attribute that delay to Ferran's refusal to submit to an audit, the docket for this action reveals long periods of inactivity attributable solely to the Plaintiffs. For example, the action was filed on June 2, 2005 and no activity occurred for more than one year when on June 26, 2006 Plaintiffs filed the amended complaint in response to an Order to Show cause why the action should not be dismissed for failure to prosecute. To the extent Plaintiffs wish to pursue a possible claim related to New York Marble, it is too late to do so in the pending action.

Denial of the motion to amend is also warranted by Plaintiffs' unexplained failure to

---

[3] The Scheduling Order, as amended, provides for the completion of discovery by November 26, 2007. Plaintiffs did not file a pre-motion conference letter regarding the motion to amend until February 15, 2008, two and one half months later

submit a proposed pleading.[4] "In order to meet the requirements of particularity in a motion to amend, 'a complete copy of the proposed amended complaint must accompany the motion so that both the Court and the opposing party can understand the exact changes sought.'" *Zito v. Leasecomm Corp.*, 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004)(citations omitted). *See also McFadden v. Grand Union*, 1994 WL 62351 (S.D.N.Y. 1994) ( finding "motion for leave to amend complaint inadequate because it fails to attach the proposed amended complaint"). Nor do Plaintiffs' papers remedy this defect. For example, Plaintiffs do not specify what period of time the proposed audit of New York Marble would cover. Moreover, Plaintiffs maintain that they are entitled to audit the books and records of New York Marble because it is an "affiliate" of Ferran. However, the Trust Agreement requires not only "affiliation" but in addition either "common control" or the employment of "persons who have performed the same type of work as the employees of the Employer covered by the Union agreement." Plaintiffs do not address the Trust Agreement's definition but instead argue that Ferran and New York Marble may be a single employer or alter egos (Pls.' Rep. Mem. at 7). Thus, Plaintiffs' papers provide no clarification as to exactly what changes are sought.

The motion to amend the complaint is denied.

## II. Motion for Summary Judgment

### A. Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other

---

[4] Indeed, even after Ferran pointed out, in its opposition papers, the absence of a proposed pleading, Plaintiffs did not attempt to remedy the defect.

documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal

knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). "Rule 56(e)'s requirement the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219 (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587).

8

In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). That being said, it is well-established that a non-movant cannot defeat summary judgment with nothing more than "unsupported assertions," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995), or the allegations in its pleadings. *See Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also* Fed. R. Civ. P. 56(e).

**B. The Motion for Summary Judgment is Granted.**

There is no dispute that the audit conducted of Ferran on Plaintiffs' behalf revealed no delinquency in contributions. Plaintiffs' attempt to avoid summary judgment by submission of an affidavit, pursuant to Rule 56(f), must be rejected. First, discovery has been concluded in this matter and it cannot be gainsaid that Plaintiffs had ample opportunity to conduct discovery during the nearly two and one years this action was pending before discovery was closed. Moreover, all the discovery referenced in the Rule 56(f) affidavit relates to the business operations and employment practices of New York Marble, a non-party in view of the denial of the motion to amend. The Complaint as it currently stands contain no allegations that Ferran and New York Marble are alter egos and therefore any supposed issues of fact with respect thereto are not material.

The motion for summary judgment is granted.

## Conclusion

For the reasons set forth above, Plaintiffs' motion to amend the complaint is denied and

Defendant's motion for summary judgment is granted. The Clerk of Court is directed to close this case.

Dated: Central Islip, New York
　　　　February 10, 2009

　　　　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　Senior District Judge